IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEVEN E. EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:14CV43 |
| v. | ) | 1:05CR265-1 |
| | ) | |
| J. ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner who has unsuccessfully pursued relief under 28 U.S.C. § 2255 and other statutes or rules on multiple occasions in the past, has submitted an application for habeas corpus, purportedly under 28 U.S.C. § 2241. However, petitions pursuant to § 2241 generally challenge the execution or computation of the conviction or sentence, rather than the validity or legality of the conviction or sentence. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Petitioner's present claim does not present a challenge to the execution of his sentence, but instead focuses on the legality of Petitioner's conviction and sentence.

Pursuant to the "savings clause" of 28 U.S.C. § 2255, relief pursuant to § 2241 may be available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255 is inadequate or ineffective to test the legality of their detention. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). However, § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Id. (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999); Vial, 115 F.3d at 1194 n.5). A contrary rule would effectively nullify the gatekeeping provisions of § 2255. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)). The circumstances in which the savings clause applies are limited. Under Jones, Petitioner must show that (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not to be criminal; and (3) he could not satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law. Jones, 226 F.3d at 333-34. Such a showing demonstrates that § 2255 is inadequate or ineffective. Id.

Petitioner has failed to show that he satisfies the elements necessary to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. In fact, his arguments are nothing more than a repetition of unsuccessful arguments that he raised in the past. Thus, despite its label, his submission is simply another successive § 2255 Motion which this Court does not have jurisdiction to consider. This case should be dismissed without prejudice to Petitioner pursuing his claims by filing a successive § 2255 Motion if he is able to receive permission to do so from the United States Court of Appeals for the

Fourth Circuit. To the extent Petitioner requests appointment of counsel in this case, the Court finds no basis for appointment of counsel in these circumstances, and that request will be denied.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Petitioner's Letter Motion [Doc. #3] for appointment of counsel is DENIED.

IT IS RECOMMENDED that this action be filed and then dismissed *sua sponte* without prejudice to Petitioner filing a successive § 2255 Motion if he receives permission from the United States Court of Appeals for the Fourth Circuit.

This, the 20th day of May, 2014.

        /s/ Joi Elizabeth Peake
        United States Magistrate Judge